IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| DOUGLAS C. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 24-cv-02887-LKG |
| v. | ) | |
| | ) | Dated: June 20, 2025 |
| US MEDICAL INNOVATIONS, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION ON MOTION TO TRANSFER VENUE

### I.    INTRODUCTION

In this civil action, the Plaintiff, Douglas C. Jones, alleges that the Defendants, US Medical Innovations, LLC ("USMI") and Jerome Canady, failed to timely pay him and to increase his salary, in violation of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 *et seq.*; the Maryland Wage and Hour Law (the "MWHL"), MD. CODE ANN., LABOR & EMPLOY. §§ 3-401, *et seq.*; the Maryland Wage Payment and Collection Law (the "MWPCL"), MD. CODE ANN., LABOR & EMPLOY. §§ 3-501, *et seq.*; and a certain employment agreement (the "Employment Agreement") by and between the parties.  *See generally* ECF No. 10.  The Defendants have moved to transfer this matter to the United States District Court for the District of Delaware, pursuant to 28 U.S.C. §1404(a).  ECF Nos. 11 and 11-1.  The Defendants have also moved to dismiss the amended complaint, pursuant to Fed. R. Civ. P. 12(b)(6).  ECF Nos. 12 and 12-1.  These motions are fully briefed.  ECF Nos. 10, 11, 12, 13 and 14.  No hearing is necessary to resolve the motions.  L.R. 105.6 (D. Md. 2023).  For the reasons that follow, the Court: (1) **GRANTS** the Defendants' motion to transfer venue (ECF No. 11); **DENIES-as-MOOT** the Defendants' motion to dismiss (ECF No. 12); and (3) **TRANSFERS** this matter to United States District Court for the District of Delaware.

## II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

### A.    Factual Background

In this civil action, the Plaintiff alleges that Defendants USMI and Jerome Canady failed to timely pay him and to increase his salary, in violation of the FLSA, MWHL, MWPCL and the Employment Agreement. *See generally* ECF No. 10. Specifically, the Plaintiff asserts the following six claims against the Defendants in the amended complaint: (1) violation of the FLSA – Overtime (Count I); (2) violation of the FLSA – Minimum Wage (Count II); (3) violation of the MWHL (Count III); (4) violation of the MWPCL (Count IV); (5) breach of contract (Count V); and (6) quantum meruit/unjust enrichment (Count VI). *Id.* As relief, the Plaintiff seeks, among other things, to recover unpaid straight-time, overtime and other wages, liquidated damages and attorneys' fees and costs from the Defendants. *Id.* at Prayers for Relief.

<u>The Parties</u>

Plaintiff Douglas C. Jones is a resident of the State of Connecticut. *Id.* at ¶ 1.

Defendant USMI is a limited liability company and citizen of the State of Connecticut. *Id.* at ¶ 2. The Plaintiff alleges that USMI operated in the State of Maryland during all times relevant to this matter. *Id.*

Defendant Jerome Canady is the founder, principal owner and CEO of USMI and he is a resident of the State of Maryland. *Id.* at ¶ 3.

<u>Case Background</u>

As background, the Plaintiff alleges in the complaint that, on or about May 26, 2021, he entered into a written Employment Agreement with USMI, related to his employment with that company. *Id.* at ¶ 8. The Plaintiff also alleges that, pursuant to the Employment Agreement, he is entitled to receive $7,692.30 biweekly for the first six months of his employment, to be followed by certain "catch-up payments" to raise his salary to $225,000 for the first year of his employment. *Id.* In addition, the Plaintiff alleges that the Employment Agreement provides that he would receive 35,000 "Equity Tracking Units" upon the completion of his first year of employment with USMI. *Id.*

The Plaintiff also alleges that USMI "did not consistently make timely payments" to him

---

[1] The facts recited in this Memorandum Opinion and Order are taken from the amended complaint and the Defendants' motion to transfer and motion to dismiss. ECF Nos. 10, 11 and 12. Unless otherwise stated, the facts recited herein are undisputed.

as required by the Employment Agreement. *Id.* at ¶ 9. In this regard, the Plaintiff alleges that USMI continued to pay him at his previous rate of pay for more than 11 months, at a time when "his salary was supposed to increase to an annualized rate of $225,000 for the first 12 months of employment." *Id*.

The Plaintiff further alleges that USMI made timely payments to him during the period of November 2022 to July 2023. *Id.* at ¶ 10. But the Plaintiff alleges that thereafter, USMI "resumed making partial payments." *Id*. Lastly, the Plaintiff alleges that he received his last payment from USMI on July 12, 2024, and that USMI removed him from the company's website in October 2024 and stopped providing him employment benefits in November 2024. *Id.* at ¶¶ 11-12.

The Plaintiff contends that USMI owes him "substantial gross pay and unreimbursed expenses and interest" and that the Defendants never provided the 35,000 "Equity Tracking Units" he was promised. *Id.* at ¶¶ 13-14. And so, the Plaintiff seeks, among other things, to recover unpaid wages and attorneys' fees and costs, from the Defendants. *Id.* at Prayers for Relief.

<u>The Employment Agreement</u>

It is undisputed in this case that the Plaintiff and USMI entered into an Employment Agreement related to the Plaintiff's employment on, or about, May 26, 2021. ECF No. 11-2. Several provisions in the Employment Agreement are relevant to the Defendants' pending motions.

First, the Employment Agreement provides that "[t]his Employment Agreement is made by and between . . . [USMI] . . . and [the Plaintiff], to be effective as of the Effective Date set forth in Exhibit A [to the agreement]," which is June 7, 2021. *Id*. Second, the Employment Agreement contains a provision entitled "Employee Responsibilities and Restrictive Covenants," which provides that, among other things, the Plaintiff "agrees to devote [his] best efforts and entire business time and attention to the Company's Business during the term of [his] employment with [USMI]." *Id*. at § 2.1.

Third, Exhibit A to the Employment agreement addresses, among other things, the Plaintiff's salary and term, bonus, benefits and paid days off. *Id*. at Ex. A. In this regard, Exhibit A to the Employment Agreement provides that:

The salary for this at-will employment contract shall be at a rate of

3

$7,692.30 per two-week pay period for the first 6 months of employment, based upon $200,000.00, followed by catch up payments to bring the employee's salary to an annualized rate of $225,000.00 for the first twelve (12) months of employment.

*Id.* Exhibit A also addresses the Plaintiff's bonus and provides that:

The employee shall receive 1% of the sales of $4 million dollars and greater. The employee shall receive 35,000 Equity Tracking Units upon completion of year 1 of his employment.

*Id.*

Lastly, Section 7.2 of the Employment Agreement contains a choice of law and forum-selection clause which provides that:

This Agreement will be governed by the laws of the State of Delaware, without giving effect to the conflict of laws provisions thereof. All suits, proceedings and other actions relating to, arising out of or in connection with this Agreement will be submitted solely to the in personam jurisdiction of the United States District Court of Delaware ("Federal Court") or to a state court of competent jurisdiction located in Wilmington, Delaware, if the Federal Court lacks jurisdiction to hear the matter. Venue for all such suits, proceedings and other actions will be in Wilmington, Delaware. Employee hereby waives any claims against or objections to such in personam jurisdiction and venue.

*Id.* at § 7.2.

### B.    Procedural History

The Plaintiff commenced this civil action on October 4, 2024.  ECF No. 1.  On December 6, 2025, the Plaintiff filed an amended complaint.  ECF No. 10.

On December 20, 2024, the Defendants filed a motion to transfer venue, pursuant to 28 U.S.C §1404(a), and a memorandum in support thereof.  ECF Nos. 11 and 11-1.  On December 20, 2024, the Defendants also filed a motion to dismiss the amended complaint, pursuant to Fed. R. Civ. P. 12(b)(6), and a memorandum in support thereof.  ECF Nos. 12 and 12-1.

On January 2, 2025, the Plaintiff filed a response in opposition to the Defendants' motions to transfer and to dismiss the amended complaint.  ECF No. 13.  On January 16, 2025, the Defendants filed a reply brief.  ECF No. 14.

The Defendants' motions having been fully briefed, the Court resolves the pending motions.

4

### III.    LEGAL STANDARDS

#### A.    Transfer Of Venue

Title 28, United States Code, Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  This Court has recognized that Section 1404(a) "was intended to enlarge the common law power of the court under the well-established doctrine of *forum non conveniens* and was enacted to prevent the waste of time, energy and money as well as to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Lynch v. Vanderhoef Builders*, 237 F. Supp. 2d 615, 617 (D. Md. 2002) (quoting *Dicken v. United States*, 862 F. Supp. 91, 92 (D. Md. 1994)).

The Supreme Court of the United States has also held that a district court has great discretion in determining whether to transfer a case under Section 1404(a), and that the decision to transfer venue is made according to an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).  In this regard, generally, a plaintiff's "choice of venue is entitled to substantial weight in determining whether transfer is appropriate." *McCumber v. Invitation Homes, Inc.*, No. 21-CV-00123-LKG, 2021 WL 4124249, at *2 (D. Md. Sept. 9, 2021) (citing *Trs. of the Plumbers & Pipefitters Nat'l. Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015)) (citation omitted). But the "calculus changes" where an agreement between the parties includes a valid forum-selection clause, which "represents the parties' agreement as to the most proper forum." *Atl. Marine Constr. Co. v. U.S. Dist. for W. Dist. of Tex.*, 571 U.S. 49, 63 (2013) (quoting *Stewart Org.*, 487 U.S. at 31).  And so, courts generally enforce forum-selection clauses, unless it would be unreasonable to do so. *BAE Sys. Tech. Sol. & Servs., Inc. v. Republic of Korea's Def. Acquisition Program Admin.*, 884 F.3d 463, 470 (4th Cir. 2018), *as amended* (Mar. 27, 2018) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)).

In this regard, the United States Court of Appeals for the Fourth Circuit has held that the presumption of enforceability applies if the forum-selection clause is mandatory. *Id.* (citing *Albemarle Corp. v. AstraZeneca UK Ltd.*, 628 F.3d 643, 650-51 (4th Cir. 2010)).  A mandatory forum-selection clause requires that litigation to occur in a specified forum, while a permissive

forum-selection clause permits the litigation to occur in a specified forum but does not bar litigation elsewhere. *Id.* The analysis under Section 1404(a) also "presupposes a contractually valid forum-selection clause." *Versus Evil LLC v. PNC Bank, Nat'l Ass'n*, 613 F. Supp. 3d 916, 922 (D. Md. 2020) (quoting *Atl. Marine*, 571 U.S. at 62 n.5). And so, if a forum-selection clause is valid, the Court should apply a strong presumption in favor of the forum-selection clause and enforce the forum-selection clause, absent "extraordinary circumstances unrelated to the convenience of the parties." *Atl. Marine*, 571 U.S. at 62; *Artech Info. Sys., LLC v. ProTek Consulting*, No. 17-3468, 2018 WL 3575054, at *2 (D. Md. July 25, 2018).

### B. Contract Interpretation

When interpreting contract language, "the court will give effect to its plain, ordinary and usual meaning, taking into account the context in which it is used." *Chaplick for Canal Vista Tr. v. Jeng Fen Mao*, 215 F. Supp. 3d 470, 479 (D. Md. 2016) (quoting *Sy-Lene of Wash. Inc. v. Starwood Urban Retail*, 376 Md. 157, 166 (2003)). To that end, this Court has held that "a contract should not be read to include meaningless or superfluous language." *Kolb v. ACRA Control, Ltd.*, 21 F. Supp. 3d 515, 532 (D. Md. 2014); *see also Rota-McLarty v. Santander Consumer USA Inc*., 700 F.3d 690, 701 (4th Cir. 2012) ("Basic principles of contract interpretation instruct us to look first to the plain meaning of the contract's terms, and also to give meaning to each word used and avoid constructions that render language meaningless, superfluous, or contradictory.").

## IV.    LEGAL ANALYSIS

The Defendants have moved to transfer this matter to the United States District Court for the District of Delaware, because: (1) the parties' Employment Agreement governs this dispute; (2) that agreement contains a valid and mandatory forum-selection clause that designates the District of Delaware as the exclusive venue for this dispute; and (3) the Plaintiff has waived the right to challenge the forum-selection clause in the Employment Agreement. *See generally* ECF No. 11-1. In the alternative, the Defendants have also moved to dismiss the amended complaint, pursuant to Fed. R. Civ. P. 12(b)(6), upon the grounds that: (1) the Plaintiff's claims must be litigated in the District of Delaware and (2) the Plaintiff's claims for quantum meruit and unjust enrichment are not plausible, because the Employment Agreement governs this dispute. *See generally* ECF No. 12-1.

In his response in opposition to the Defendants' motions, the Plaintiff counters that the Court should not dismiss or transfer this matter, upon the grounds that: (1) the forum-selection and choice of law clauses in the Employment Agreement are not enforceable, because there is no connection between Delaware and this case and enforcement of these clauses would contravene public policy; (2) he has not waived the right to challenge the forum-selection clause; and (3) the Court should not dismiss his quantum meruit and unjust enrichment claims, because he seeks unreimbursed business expenses. ECF No. 13 at 4-14. The Plaintiff also argues that he has not waived the right to object to the Employment Agreement's forum-selection clause. *Id.* at 13. And so, the Plaintiff requests that the Court deny the Defendants' motions. *Id.* at 14.

For the reasons set forth below, a plain reading of the amended complaint and the Employment Agreement shows that this dispute is governed by the Employment Agreement. *See generally* ECF No. 10. The Court also reads the forum-selection clause in the Employment Agreement to be valid and to mandate that this case be litigated in the District of Delaware. And so, the Court: (1) **GRANTS** the Defendants' motion to transfer venue (ECF No. 11); (2) **DENIES-as-MOOT** the Defendants' motion to dismiss (ECF No. 12); and (3) **TRANSFERS** this matter to United States District Court for the District of Delaware.

### A.  The Court Will Transfer This Matter To The District Of Delaware

As an initial matter, the Court reads the amended complaint to assert claims that relate to, and arise from, the parties' Employment Agreement. When interpreting the Employment Agreement, the Court applies the "plain, ordinary, and usual meaning" of the language, while considering the context in which it appears. *Chaplick for Canal Vista Tr.*, 215 F. Supp. 3d at 479 (quoting *Sy-Lene of Wash. Inc.* 376 Md. at 166). In this case, the Employment Agreement provides that "[t]his Employment Agreement is made by and between . . . [USMI] . . . and [the Plaintiff]," regarding his employment with USMI. ECF No. 11-2 at 2. In addition, Section 7.2 of the Employment Agreement contains a broad forum-selection clause that provides:

> This Agreement will be governed by the laws of the State of Delaware, without giving effect to the conflict of laws provisions thereof. All suits, proceedings and other actions relating to, arising out of or in connection with this Agreement will be submitted solely to the in personam jurisdiction of the United States District Court of Delaware ("Federal Court") or to a state court of competent jurisdiction located in Wilmington, Delaware, if the Federal Court lacks jurisdiction to hear the matter. Venue for all such suits, proceedings and other actions will be in Wilmington, Delaware.

7

Employee hereby waives any claims against or objections to such in personam jurisdiction and venue.

*Id*. at § 7.2.

The Court reads the Employment Agreement to cover the claims asserted in the amended complaint for several reasons. First, as the Plaintiff acknowledges in the amended complaint, the parties to this civil action have entered into the Employment Agreement. ECF No. 10 at ¶ 8. And so, there is no dispute in this case that the Employment Agreement is a valid and enforceable agreement. *Id*.; *see also* ECF No. 11-1 at 2.

Second, the amended complaint makes clear that the Plaintiff's claims in this case arise from, and relate to, the terms of the Employment Agreement. *See generally* ECF No. 10. Notably, the Plaintiff asserts FLSA, MWHL, MWPCL, breach of contract and quantum meruit/unjust enrichment claims in the amended complaint, that are based upon the Defendants' alleged failure to compensate him and to increase his salary as required by the terms of the Employment Agreement. *Id*. at ¶ 19 (alleging wages are owed under the Employment Agreement); ¶ 28 (alleging wages owed under the Employment Agreement); ¶ 35 (alleging that Plaintiff performed duties in exchange for an annual salary of $225,000); ¶ 46 (alleging that Defendants failed to compensate Plaintiff); ¶¶ 52-56 (alleging Defendants breached the Employment Agreement); and ¶¶ 58-59 (alleging the Defendants were unjustly enriched by failing to pay wages owed). And so, the Court reads the amended complaint to assert claims that arise from that agreement.

A careful reading of the Employment Agreement also makes clear that the forum-selection clause contained in the Employment Agreement is *prima facie* valid and that the Plaintiff must pursue his claims in Delaware. In this regard, the Supreme Court has instructed that, when the parties have agreed to a valid and mandatory forum selection clause, that clause "should be given controlling weight in all but the most exceptional cases." *Atl. Marine Constr. Co.*, 571 U.S. at 62-63. And so, the Court must enforce the forum-selection clause at issue here, unless it would be unreasonable to do so. *BAE Sys. Tech. Sol. & Servs., Inc.*, 884 F.3d at 470 (citing *M/S Bremen*, 407 U.S. at 15); *see also TECH USA, Inc. v. Evans*, 592 F. Supp. 2d 852, 856 (D. Md. 2009).

The forum-selection clause in the Employment Agreement is valid, mandatory and enforceable for several reasons. First, as discussed above, the Plaintiff acknowledges that he

entered into a valid and enforceable Employment Agreement with the Defendants. *See generally* ECF No. 10 at ¶ 8. Second, the plain language of the forum-selection clause shows that this provision applies to "all suits" arising under that agreement. ECF No. 11-2 at § 7.2.

The plain language of the forum-selection clause also makes clear that the selection of the agreed upon forum is mandatory. *Id*. Notably, the forum-selection clause provides that the claims related to, and arising from, that agreement "will be" submitted solely to the jurisdiction of Delaware courts. *Id*. And so, this language leaves no discretion regarding the obligation to litigate the claims in Delaware.

Lastly, the forum-selection clause also clearly requires that all suits arising under, or relating to, the Employment Agreement be brought in either the United States District Court of Delaware, or "a state court of competent jurisdiction located in Wilmington, Delaware." *Id*. And so, the Court concludes that the forum-selection clause mandates that all claims and disputes arising from, or related to, the Employment Agreement be brought in Delaware.

The Plaintiff also has not shown that extraordinary circumstances are present in this case to prevent the transfer of the case to the District of Delaware. *Atl. Marine*, 571 U.S. at 63-64; *Artech Info. Sys., LLC*, 2018 WL 3575054, at *2 (absent extraordinary circumstances, the Court must transfer this matter to the District of Delaware.). In this regard, the Plaintiff first argues that the Court should not transfer this matter, because litigating this case in Delaware would be inconvenient. ECF No. 13 at 7-12. But, it is not clear to the Court why litigating this case in Delaware, rather than in Maryland, would be less convenient to the Plaintiff, given that the Plaintiff is domiciled in Connecticut, he acks a connection to Maryland, and the State of Delaware geographically borders Maryland.

The Plaintiff's argument that a transfer of venue would contravene public policy, because the Maryland has an interest in deciding his MWPCL claim, is also unconvincing. ECF No. 13 at 10-11. The cases cited by the Plaintiff to support this argument are factually distinguishable from this case, because they involve the potential transfer of a case to a court overseas. *See Franklin v. Cleo AI Inc.*, No. 1:24-cv-00146, 2024 U.S. Dist. LEXIS 127447, at *23 (D. Md. July 19, 2024) (Declining to enforce a mandatory forum-selection clause in England—an entirely different legal system and country—because it would impose undue burden on Maryland plaintiffs with no meaningful tie to England and it would be contrary to public policy favoring local consumer access to courts); *see also Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6

(1981) (declining to enforce Scotland as a forum under *forum non conveniens* principles—not a contractual forum-selection clause—because doing so would impose an undue burden on domestic plaintiffs). This Court has also held that the enforcement of a forum-selection clause does not violate the State of Maryland's interest in the adjudication of state wage claims, because state wage claims are "wholly capable of being adjudicated" in the selected forum without undermining statutory protections. *TECH USA, Inc.*, 592 F. Supp. 2d at 860. Given this, the Plaintiff simply has not shown the forum-selection clause in the Employment Agreement is unreasonable. *Atl. Marine*, 571 U.S. at 63-64; *Artech Info. Sys., LLC*, 2018 WL 3575054, at *2.

Because the Court concludes that the parties have agreed to a valid and mandatory forum-selection clause, that represents the parties' agreement as to the proper forum for this dispute, the Court must enforce that agreement. *BAE Sys. Tech. Sol. & Servs., Inc.*, 884 F.3d at 470. And so, the Court GRANTS the Defendants' motion to transfer this matter to the District of Delaware. ECF No. 11-1 at 7.[2]

## V.    CONCLUSION

In sum, the valid and mandatory forum-selection clause in the parties' Employment Agreement requires that the Plaintiff litigate the claims in this matter in the District of Delaware. And so, for the foregoing reasons, the Court:

> (1) **GRANTS** the Defendants' motion to transfer venue (ECF No. 11);
>
> (2) **DENIES-as-MOOT** the Defendants' motion to dismiss (ECF No. 12); and
>
> (3) **TRANSFERS** this matter to United States District Court for the District of Delaware.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge

---

[2] The Court does not address whether the Plaintiff waived the right to challenge the forum-selection clause at issue.